UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

## 08-23394

Case No.: _____

JUNIOR STEWART, individually and
on behalf of all others similarly situated,

## CIV - GOLD  / McALILEY

Plaintiff,

v.

BLUE WATER HOLDINGS-DORAL, INC,
a Florida corporation,
RYDER SYSTEM, INC.,
a Florida corporation,
RANDSTAD STAFFING SOLUTIONS, L.P.,
a Delaware limited partnership, and
JOHN DOES I-III,

Defendants.

_____/



STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA
08 DEC -8 PM 4:27
FILED BY

## COMPLAINT

Plaintiff, Junior Stewart, on his own behalf and on behalf of all others similarly situated, sues Defendants, Blue Water Holdings – Doral, Inc., a Florida corporation, Ryder System, Inc., a Florida corporation, Randstad Staffing Solutions, L.P., a Delaware limited partnership, and John Does I-III, for violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") and for unpaid wages under Florida common law.

### Parties, Jurisdiction, Venue, Facts, Etc.

1.      Plaintiff, a resident of Miami-Dade County, Florida, was employed by Defendants as a mechanic.  He was a non-exempt employee within the meaning of the FLSA and was entitled to minimum and overtime wages pursuant to the FLSA.  *See* 29 U.S.C. § 206.  He was also an employee within the meaning of Florida common law.

2.     Defendants are all employers within the meaning of the FLSA.  The corporate Defendants are all employers within the meaning of Florida common law.

3.     Blue Water Holdings-Doral, Inc. is the current name of Gator Leasing, Inc.  (For simplicity, Plaintiff will refer only to "Gator Leasing").  Plaintiff was employed by Blue Water when it was still known as Gator Leasing for many years, until approximately May 2008.

4.     Ryder System acquired all of the assets of Gator Leasing in or around May 2008. Ryder offered Plaintiff continuous employment, conditioned only upon Ryder's closing of the transaction with Gator Leasing.  At the close of the transaction, Plaintiff seamlessly transitioned his employment with Gator Leasing into his employment with Ryder.  Plaintiff worked for Ryder for approximately one month before he was terminated.  Within a few days of being terminated, Plaintiff was asked to return to Ryder, but Plaintiff was told he could return to Ryder only by working through a third-party staffing agency.

5.     Randstad Staffing Solutions, LP ("Randstad") is a third-party supplier of employees. Plaintiff was hired by Randstad and was assigned to work at Ryder in the exact same role as he worked while he was employed by Gator Leasing and Ryder.  For several months Plaintiff reported to what was essentially his old job at Ryder, but his paycheck came from Randstad.  Plaintiff's supervisor at Ryder filled out Plaintiff's two-week time records on a Randstad form and Randstad paid Plaintiff.  After several months of working for Ryder and Randstad, Plaintiff was terminated.

6.     Although Plaintiff is unaware of the exact details of the transaction between Gator Leasing and Ryder, Ryder is responsible for all unpaid wages that should have been paid originally by Gator Leasing on a successor employer theory.

7.    For the several months that Plaintiff received a paycheck from Randstad but actually worked for the benefit and on the premises of Ryder, Randstad and Ryder are jointly liable for complying with the FLSA and are jointly responsible for compensating Plaintiff.

8.    John Does I, II and III are the individual supervisors at Gator Leasing, Ryder and Randstad who are responsible for paying Plaintiff his wages. Plaintiff anticipates identifying his supervisors through discovery and will amend the Complaint accordingly.

9.    Throughout Plaintiff's employment with the Defendants, Plaintiff routinely worked in excess of 40 hours per week, but was not compensated at all for any hours worked in excess of 40. For example, for the last year or so, Plaintiff's shift was 2:30 p.m to 11:00 p.m. with a supposed 30 minute unpaid meal break. Accordingly, Plaintiff was routinely paid for a fixed 40 hours a week. Despite being paid for a flat 40 hours weekly, Plaintiff routinely began his shift at 2 p.m. and worked until 11:30 p.m. or later. Plaintiff also normally worked through lunch. Plaintiff estimates that, for the last four years of his employment, he worked an average of 9.5 hours daily but was paid for only 8.

10.   Jurisdiction is based on 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction over state claims).

11.   Venue is proper because all of the facts and allegations that form the basis of this Complaint occurred within Miami-Dade County, Florida. 28 U.S.C. § 89.

12.   Upon information and belief, numerous employees of Gator Leasing and Ryder were and are being improperly denied wages in violation of the FLSA and Florida common law.

13.   Plaintiff has retained counsel and is obligated to pay a fee for services rendered.

### Count I – Fair Labor Standards Act

14.   Plaintiff incorporates paragraphs 1 – 13.

15.     Plaintiff was a non-exempt employee within the meaning of the FLSA.  He was employed by the Defendants.

16.     Defendants were and remain employers within the meaning of the FLSA.

17.     Between December 2005 and September 2008, Plaintiff worked for Defendants without proper compensation.

18.     Defendants' violation of the FLSA was willful and intentional.

19.     Plaintiff is entitled to an award of back pay and liquidated damages equal to the amount of the back pay.

## Count II – Unpaid Wages

20.     Plaintiff incorporates paragraphs 1 – 13.

21.     Plaintiff was employed by the corporate Defendants.  He was not an independent contractor.

22.     Plaintiff provided services to the Defendants.

23.     Defendants failed to pay Plaintiff wages for the approximate period September 2004 through September 2008.

24.     Defendants were unjustly enriched by the Plaintiff because of the work he performed on their behalf without compensation.

25.     Defendants are obligated to pay Plaintiff his unpaid wages and his attorneys' fees pursuant to Fla. Stat. § 448.08.

## Demand for Jury Trial

Plaintiff demands a trial by jury on all issues so triable.

## Prayer for Relief

Plaintiff prays that this Court enter judgment in his favor against Defendants, Blue Water Holdings – Doral, Inc., a Florida corporation, Ryder System, Inc., a Florida corporation, Randstad Staffing Solutions, L.P., a Delaware limited partnership, and John Does I-III (jointly and severally) and award monetary damages for back pay, liquidated damages, reasonable attorneys' fees and costs and any other relief this Court deems appropriate.

Dated: December 8, 2008

Respectfully submitted,

Matthew Seth Sarelson, Esq.
Fla. Bar No. 888281
Michael A. Shafir, Esq.
Fla. Bar No. 660671
**SARELSON & SHAFIR LLP**
1401 Brickell Avenue, Suite 510
Miami, Florida 33131
305-379-0305
800-421-9954 (fax)
msarelson@sarelson-shafir.com
mshafir@sarelson-shafir.com
Counsel for Plaintiff

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

JUNIOR STEWART

**DEFENDANTS**

Blue Water Holdings-Doral, Inc., Ryder System, Inc., Randstad Staffing Solutions, LP, John Does 1-3

**(b)** County of Residence of First Listed Plaintiff   Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Matthew Seth Sarelson, Esq., Sarelson & Shafir LLP, 1401 Brickell Avenue, Suite 510, Miami, Florida 33131, 305-379-0305

Attorneys (If Known)

**(d)** Check County Where Action Arose: ✓ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

✓ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Dade 08CV 23394 - Gold/ McAliley

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | | ☐ 371 Truth in Lending | | | ☐ 810 Selective Service |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN  (Place an "X" in One Box Only)

✓ 1  Original Proceeding  ☐ 2  Removed from State Court  ☐ 3  Re-filed- (see VI below)  ☐ 4  Reinstated or Reopened  ☐ 5  Transferred from another district (specify)  ☐ 6  Multidistrict Litigation  ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ✓ NO      b) Related Cases ☐ YES ✓ NO

JUDGE _____      DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Fair Labor Standards Act, 29 USC 206 (unpaid minimum and overtime wages).

LENGTH OF TRIAL via _2_ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

✓ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
s/

DATE
December 8, 2008